

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:08-CR-95 |
| | § | |
| JESRICK VAN SOWELL | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 2, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Jesrick Van Sowell, on **Count I** of the charging Indictment filed in this cause. Count I of the Indictment charges that on or about the 29th day of

May, 2008, in the Eastern District of Texas, Jesrick Van Sowell, Defendant herein, did knowingly possess with the intent to distribute a Schedule II controlled substance, namely, 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, that is, "crack cocaine," in violation of Title 21, United States Code, Section 841(a)(1). *See Indictment.*

Defendant, Jesrick Van Sowell., entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

c. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the

crime charged under 21 U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Basis and Stipulation*.

The Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove each and every essential element of the charged offense. The Defendant also stipulated to the facts presented by the Government in support of his guilty plea. If the case proceeded to trial, the Government would have proven every essential element of the offense, beyond a reasonable doubt, through sworn testimony, including witnesses and expert witnesses, and through exhibits.

Specifically, the Government would show that On the 29th day of May, 2008, in the Eastern District of Texas, police officers executed a search warrant at the residence of Jesrick Van Sowell, located at 1410 15th Street, Port Arthur, Texas, in the Eastern District of Texas. Jesrick Van Sowell had been observed leaving that residence, but he was immediately brought back to the residence for the search. The residence was locked when the officers arrived. It was opened by force by the key which Jesrick Van Sowell had in his possession. Items located in the residence included mail addressed to Jesrick Van Sowell at that address, and Jesrick Van Sowell's social security card.

Officers discovered in that residence, in plain view, 42 grams of what was later determined by the Jefferson County Regional Crime Laboratory to be cocaine base, or, "crack"

3

cocaine. Two "cookies" and several smaller pieces of "crack" cocaine were found on the top of the dresser in the bedroom being used in the residence.

An officer with the Drug Enforcement Administration would testify that the amount of Cocaine was an amount consistent with possession with the intent to distribute, and inconsistent with possession for personal use..

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual basis and agreed with the Government's ability to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDATION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, Jesrick Van Sowell, be finally adjudged guilty of the charged offense under 21 U.S.C. § 841(a)(1) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal Sentencing Guidelines and/or the presentence report . The District Court may defer its decision to accept or reject the plea until there has been an

opportunity to consider the presentence report. Defendant reserves his right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of February, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE